IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ANTHONY CAREY, #152763

    Petitioner,

v.

JAMES DELOACH, WARDEN, et al.,

    Respondents.

CIVIL ACTION NO.

2:06-CV-0510-WHA

## ANSWER AND MOTION TO DISMISS

Come now the Respondents, by and through the undersigned counsel in the above styled action, and file their answer and motion to dismiss as follows:

## ANSWER

The Respondents deny that the petitioner's rights due process have been violated and demand the strict proof thereof.

The Respondents allege that the Plaintiff has failed to state a claim upon which relief can be granted, specifically that the sanctions imposed do not amount to a liberty interest.

The Respondents allege that the Plaintiff has failed to state a claim upon which a habeas corpus petition can be maintained.

The Respondents reserve the right to amend their defenses, including the addition of affirmative defenses, upon the receipt of information through discovery and otherwise.

1

## **MOTION TO DISMISS**

The Petitioner has filed this federal petition for writ of habeas corpus against the State of Alabama and employees thereof, alleging a violation of his constitutional rights, specifically that his rights of due process were violated in a disciplinary hearing he received. The Petitioner is further alleging that he was subject to disciplinary action on more than one occasion for the same offense.

As to the claim of violation of due process rights, the Respondents contend that Petitioner's writ should be dismissed pursuant to the U.S. Supreme Court decision in Sandin v. Conner, 115 S.Ct. 2293 (1995). The Petitioner's claim does not establish a liberty interest, specifically, that the sanctions imposed and approved did not involve a liberty interest. In Sandin, the Court instructs that a state regulatory scheme does not create a liberty interest merely because the regulations incorporate 'language of an unmistakably mandatory character.' Id. at 2298. Apart from any mandatory language, the plaintiff must also prove that he suffered restraint which imposed an *'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'* Id. at 2295. Clearly the imposed sanction ( forty-five days loss of telephone and visiting privileges, removal from the Cattle Ranch [ a secure facility], and referral to classification for possible change in custody) is not "atypical and significant hardship ". In Sandin, Conner alleged that Hawaii prison officials deprived him of procedural due process when a committee refused to allow him to present witnesses during a disciplinary hearing and then sentenced him to segregation for misconduct. The Supreme Court held that discipline in segregated confinement did not present the type of atypical, significant deprivation which would create a liberty interest and entitle the prisoner to protection under Wolff v. McDonnell, 418 U.S. 539 (1974).

"As such, disciplinary segregation is not a 'dramatic departure' from the ordinary conditions of confinement nor is it a 'major disruption in [prisoners'] environment.' Thus, under the authority of Sandin v. Conner, prisoners sentenced to disciplinary segregation have no protected interest requiring the due-process protection outlined in Wolff v. McDonnell." Earl

<u>Webb v. Debora Wormely, et al.</u>, Mag. Op. CV-94-PT-2280-M (N.D. Ala. June 22, 1995), p. 4. Thus, no liberty interest was involved in these imposed sanctions.

The Petitioner's allegation of being disciplined on more that one occasion for the same offense is without merit. The Petitioner first received a behavior citation which was disapproved by Warden Free and a disciplinary was served for Rule Violation #64, Possession of Contraband. That charge is the only charge that this Petitioner was disciplined for. (See Exhibit "A" attached). The Petitioner is not alleging a violation of due process concerning his classification hearing.

Pursuant to Rule 5 concerning the applicability of 28 U.S.C. § 2244 (d), the Respondents do not content that the petitioner failed to exhaust his state remedies. He did file a petition for writ of certiorari in the Hale County Circuit Court, which was converted to a petition for writ of habeas corpus and transferred to the Elmore County Circuit Court ( CV-05-467). After an adverse ruling he appealed to the Criminal Court of Appeals (CR-05-0343). After the affirmance of the circuit court, he appealed to the Alabama Supreme Court (#1051055).

Wherefore the premises considered, Respondents request that this petition be dismissed and that cost be assessed against the Petitioner. Respondents further request that this action be found to be frivolously brought, under the definition contained in the Prisoner Litigation Reform Act.

Respectfully submitted,

Kim T. Thomas (THO115)
General Counsel
Deputy Attorney General

Albert S. Butler (BUT016)
Assistant Attorney General
Assistant General Counsel

**OF COUNSEL:**
Alabama Department of Corrections
101 South Union Street
Post Office Box 301501
Montgomery, Alabama 36130-1501
(334) 353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing pleading upon:
Inmate Anthony Carey, AIS # 152763
Draper Correctional Facility
P. O. Box 1107
Elmore, Alabama 36025

by placing same in the United States Mail, first class postage prepaid and properly addressed this 30th day of June, 2006.

Albert S. Butler (BUT016)
Assistant Attorney General
Assistant General Counsel

4