

**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# SPECIAL NEEDS COMMUNICATION FORM

**Date:** _____

**To:** _____

**From:** _____

**Inmate Name:** _____  **ID#:** _____

**The following action is recommended for medical reasons:**

1. House in _____

2. Medical Isolation _____

3. Work restrictions _____

4. May have extra _____ until _____

5. Other _____

**Comments:** _____

_____

_____

_____

**Date:** _____ **MD Signature:** _____ **Time:** _____

*Exhibit "A"*

60418

# ALABAMA DEPARTMENT OF CORRECTIONS
## LOSS OF INMATE PRIVILEGES - BEHAVIOR CITATION

INMATE: Carey, Anthony   AIS: 152763   DORM/BED #: C-17

FACILITY: State Cattle Ranch   Job Asgmt: Auburn Rual S'   Custody: MIL

The above named inmate is cited by Gary A. Bice CO1, _____ for the following

Rule # (85) violation(s) of Institutional / departmental rule(s) as described: Rminate Carey Return to State Cattle Ranch from Auburn Rual Studio with _____ and a telephone card

Date of Infraction: 03/16/05   Time of Infraction: 4:50

Location of Infraction: Security Office of State Cattle Ranch

Gary A. Bice CO1
Citing Employee / typed name / rank                          SY AB CO1
                                                              Citing Employee's Signature / Date

*********************************************************************************

I have investigated the circumstances surrounding this citation and recommend that the following sanction(s) be taken against this inmate:

( . ) Counseling/Warning      ( X ) Los of Telephone privileges for 45 days

( ) Loss of Canteen Privileges for _____ days      ( ) Removal from Incentive Program

( X ) Loss of Visiting Privileges for 45 days      ( ) Removal from Hobby Crafts Program

( ) Extra duty for _____ days at _____ hours per day under supervision of _____ shift.

Anthony Carey 152763                    PJackson 3-17-05
Inmates Signature / AIS / Date          Shift Supervisor Signature / Date

*********************************************************************************

After having reviewed this citation and the recommendation sanction(s) presented, the following action is approved:

( . ) Citation and sanctions are approved.

( ) Citation and sanctions are approved as modified:

_____

( ✓ ) Citation and sanctions are disapproved and formal disciplinary action is to be immediately
initiated   under the provisions of ADOC AR 403.

( ) Citation and sanctions are disapproved. Expunge action from inmate's file.

_____
Effective Date of Sanctions                Warden / Designee's Signature / Date

*********************************************************************************

Inmate receipt of completed action: _____

Serving Officer's Initials: _____   _____
                                            Inmate's Signature / AIS / Date
*********************************************************************************

I wa suppose have been the First Charge For violation Rule
85 there is no rule 85

*Exhibit "C"*

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

DOC Form 225B (Revised 7/92)

1. INMATE : <u>Anthony Carey</u>   CUSTODY: <u>Min</u>   AIS NO.: <u>B/152763</u>

2. FACILITY: <u>**STATE CATTLE RANCH**</u>

3. The above <u>named</u> inmate is being charged by <u>**Officer Gary Bice**</u> with violation of rule #64 specifically <u>**Possession of Contraband**</u> from regulation # <u>403</u>, which occurred on or about <u>**03/16/2005**</u> at (time) <u>4:45</u> pm, Location: <u>Security Office</u> A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: <u>**On March 16, 2005, at approximately 4:45 pm, Officer Bice conducted a search of inmate Anthony Carey, B/152763. Inmate Carey was in possession of an AT&T phone card. Inmate Carey is not authorized to carry a phone card.**</u>

5. <u>Gary Bice, COI</u>          _____ COI
   Arresting Officer / Typed / Rank        Arresting Officer / Signature / Rank

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate on this the <u>17</u> day of <u>March</u> , 2004, at (time) <u>9:45</u> (am/pm).

7. <u>Samuel Sanders   CO I</u>      <u>Refuse to Sign Samuel Sanders</u>
   Serving Officer / Signature / Rank        Inmate's Signature / AIS Number

8. Witnesses desired?   NO _____        (YES) *Anthony Carey*
                        Inmate's Signature        Inmate's Signature

9. If yes, list: <u>Kennedy Geral Smith B/m 160443</u>
   <u>mrs Oveth Johnson</u>

10. Hearing Date_____ Time_____ Place_____

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is / is not) capable of representing himself.

    _____
    Signature / Hearing Officer

13. Plea: _____ Not Guilty _____ Guilty

14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

    _____
    Signature / Hearing Officer

15. Arresting Officer's testimony (at the hearing): _____
    _____
    _____
    _____
    _____

16. Inmate's Testimony: _____
    _____
    _____
    _____

    Witness: _____ Substance of Testimony: _____
    _____
    _____

Annex C to AR 403 ( Page 1 of 3 pages )

*The Arresting Officer Exhibit "B" continuously errored by oblivious mistakes*
*Rule 64 is being tried from Job Not Possesion Of Contraband*

Witness: _Kennedy Smith_____ Substance of Testimony: I don't know anything about no phone card.

Witness: _____ Substance of Testimony: _____

17. The inmate was allowed to submit written question to all witnesses. Copy of questions and answers are attached.

_L.C. Jackson_
Signature / Hearing Officer

18. The Following witnesses were not called    -    reason not called
    1. Ms. Ovetta Johnson              Not contacted by inmate Carey
    2. _____              _____
    3. _____              _____

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
    The Hearing Officer finds that :    On March 16, 2005, Officer Gary Bice conducted
    a search of inmate Anthony Carey when he retuned from working at the Auburn Rural
    Studio.  Officer Bice confiscated an AT&T telephone card from inmate Carey.
    Inmate Carey was not authorized to have a phone card, therefore the hearing
    officer finds inmate Carey guilty of violating rule #64.

20. Basis for Finding of Fact:    This finding is based on the testimony of the arresting
    officer and the admission of inmate Carey that he did have the phone card.

21. Hearing Officer's Decision:    _x_Guilty          _X_ Major
                                    ___Not Guilty        ___Minor

22. Recommendation of Hearing Officer:   Loss of telephone and visiting privileges for 45
    days.  Removal from the Cattle Ranch, refer to classification for possible change
    change in custody.

L. C. Jackson,  COII
Signature / Hearing Officer
_L.C. Jackson_
Typed Name and Title    3-21-05

23. Warden's Action – Date   _Gla K F W_    3-21-05
    _Approved_
    Disapproved  _____
    Other (specify)  _____

    Reason if more then 30 calendar days delay in
    action.  _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above
    Named inmate on this the _24_ day of _Mar_____ 2005 at (time) _8:36_ (am / pm).

_L. Jackson COI_
Signature / Serving Officer / Title

_Refuse to sign_ _Jackson_
Inmate / Signature and AIS Number

Annex C of AR 403 (page 2 of 3 pages)

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

DOC Form 225B (Revised 7/92)

1. INMATE : Anthony Carey        CUSTODY: Min        AIS NO.: B/152763

2. FACILITY : __STATE CATTLE RANCH__

3. The above named inmate is being charged by **Officer Gary Bice** with violation of rule **#86** specifically **Possession of Contraband** from regulation # **403,** which occurred on or about **03/16/2005** at (time) **4:24** pm.
   Location: **Security Office**  A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: **On March 16, 2005, at approximately 4:24 pm, Officer Bice received a telephone call from Mrs. Ann Langford, Director of Auburn Rural Studio, Newbern Alabama. Mrs. Langford informed Officer Bice that inmate Carey was being fried from his job because of unsatisfactory work and disrespect.**

5. Gary Bice, COI                         _____ A. B___ COI
   Arresting Officer / Typed / Rank        Arresting Officer / Signature / Rank

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate on this the
   __17__ day of __MARCH__, 2004, at (time) __9:52__ (am/pm).

7. _Samuel Sandra_ COI            Refuse To sign  Samuel Sandra
   Serving Officer / Signature / Rank    Inmate's Signature / AIS Number

8. Witnesses desired?    NO _____        (YES) _Anthony Carey_
                         Inmate's Signature           Inmate's Signature

9. If yes, list: _Kennedy Smith B/m 160443_
   _mrs. Ann Langford_

10. Hearing Date_____ Time_____ Place_____

11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.

12. A finding is made that inmate (is / is not) capable of representing himself.

                                   Signature / Hearing Officer
                                                                   Guilty
13. Plea: _____ Not Guilty _____
14. The Arresting Officer, Inmate, and all witnesses were sworn to tell the truth.

                                   Signature / Hearing Officer
15. Arresting Officer's testimony (at the hearing):

16. Inmate's Testimony:

    Witness:                        Substance of Testimony:

Exhibit "C" The Charge was Violation rule#86 possession of cont
The suppose 64 Being Fried From Job

STATE OF ALABAMA

HALE COUNTY

### AFFIDAVIT OF MS. OVETTA JOHNSON

My name is OVETTA JOHNSON.  I am the Affiant.

I am over the age of Twenty One (21) Years.

I am Mentally Competent to testify to the matters so stated
     herein, this Affidavit.

I make this Affidavit Willingly, and out of my own free
     will and choosing.  Nobody has promised me anything,
        nor, have I been threatened.

I am willing to testify to the matters so stated in this
     Affidavit.

My name is OVETTA JOHNSON.  My **PHONE NUMBER IS** 334-624-8593.

My Telephone Number at work is:  334-624-9000.

     I make this Affidavit in behalf of ANTHONY CAREY, AIS #
152763.

     Anthony made a purse or had a purse made for the Lady who
lives next door to where I both live and work at.  She is the one
who gave me the Money to give to Anthony.  On the way home from
work, I stopped to give Anthony the Money.

     The lady who Anthony had the purse made for, said, if
anybody should need to talk to her, her name is: (334) 624-0943 Home
**HOPE CLASSEL**, and her Phone number is in the Pink Pages. (334) 624-0297 work

     I did not mean to get Anthony into any Trouble, and if he
is, it is because of my mistake.  If you have any questions,
please feel free to contact me .

_6/08/05_
DATE:

_Ovetta Johnson_
OVETTA JOHNSON

          STATE OF ALABAMA

COUNTY OF HALE

     Sworn to and Subscribed before me on this the  _8th_  day of

_____, 2005.

_____
NOTARY PUBLIC:

_11.5.08_
MY COMMISSION EXPIRES ON:

_Exhibit "D"_

Anthony Carey
AIS# 152763 B1-115
Elmore Correction Center
Elmore, Alabama 36025

July 11, 2006

Larry Dozier;
Circuit Court Clerk
P.O. Box 310
Wetumpka, Alabama 36092

Dear Mr. Dozier! I am writing concerning the supoena order appeut, that I had file to your office about two (2) month ago. I never receive no respond, will you please fine out what is the problem...

Certifiate OF Service
I hereby Cerify that I have served a copy of the foregoing upon all interest parties name below, by placing the same in the U.S. Mail Postage prepared and property address
Done this Day 11 of July 2006

Circuit Clerk
Larry Dozier
P.O. Box 310
Wetumpka, Al 36092

Office of the Clerk
United State District Court
P.O. Box 711
Montgomery, Al 36101
Pro-se Anthony Carey

C.C.        Exhibit "E"

Mr. Anthony Carey
AIS # 152763  Dorm 6  Bed 81
DRAPER CORRECTIONAL FACILITY
P.O. BOX 1107
ELMORE, ALABAMA  36025-1107

Mr. George Free
Warden
State Cattle Ranch
1122 County Road 73
Greensboro, Alabama  36744

March 21, 2005

IN RE:  DISCIPLINARY APPEAL OF ANTHONY CAREY Dated March 17, 2005

Dear Warden Free,

I write this letter to you as part of my DISCIPLINARY APPEAL.  Said
Disciplinary Hearing was held on March 17, 2005, at the State Cattle Ranch.

Warden Free, the Decision of the Hearing Officer should be reversed, due
to several grounds and reasons:

1.  All of my witnesses were not present at the Disciplinary Hearing.
    Mrs. Oveth Johnson, was not present due to her Husband being in
    the Hospital, or otherwise sick.  I gave the Hearing Officer
    Mrs. Johnson's Telephone number and requested that the Hearing
    Officer contact her, and hear her Testimony, as it was both vital
    and important I felt as part of my Defense.  The Hearing Officer
    refused to do this.

2.  I also feel that I was overly punished.  WHY?  I was further
    given a Behavior Citation also for the same Offense.
    I was punished Twice for the exact same Offense.

3.  Other Prisoners have been caught with Contraband, at the
    State Cattle Ranch, and have received ONLY a Behavior Citation,
    and without being punished Twice for the exact same Offense.

4.  I was barely given a chance to say anything at or during the
    Disciplinary Hearing.

5.  Warden Free, according to Administration Regulation # 403,
    Part (F), OBTAIN NAME OF WITNESS(S) INMATE WANTS AT HEARING:

*Exhibit "F"*

it states, in part:
" Any Free World witness(es) the inmate wishes to testify
and whose testimony would be relevant, must be written
or called by Inmate, and permission **MUST** be given to
the inmate to write or call."

Warden Free, it is very obvious, that the Hearing Officer **FAILED** to
adhere to this part of Admin. Reg. # 403, Section F, and due to this reason,
this Disciplinary Decision is due to be Reversed, and this Disciplinary is Due
to be Thrown Out.

Admin. Reg. # 403, states the procedures very clearly and distinctively,
and thus, I hope that after you take this Appeal into consideration, that you
**WILL NOT APPROVE SAID DISCIPLINARY, AND THUS WILL REVERSE THE DECISION OF THE
HEARING OFFICER, AND REMOVE SAID DISCIPLINARY FROM MY INSTITUTIONAL JACKET.**

Respectfully Submitted,

**ANTHONY CAREY**

- 2 -

March 28, 2005

FROM :     Inmate  Anthony Carey,
           AIS #152763
           P.O. Box 1107
           Elmore, AL 36025

TO    :    Mr. Donal Campbell,
           Commissioner ADOC

REF   :    ABUSE OF DISCIPLINARY PROCEDURES

Sir:

        I am writting in light of the malicious treatment administered me to through arbitrary and capricious Disciplinary actions while assigned to the ADOC State Cattle Ranch, that are clearly in violation of AR #403, but because there was no liberty interest lost, there is no remedy available or created to correct this abuse. The Courts should not have to solve all the ADOC's problems.

        Wherein, I am respectfully appealing this matter to you, and praying that after your review, (if you find it to be as I claim) this matter be formally dismissed, by granting this instant appeal based on the following:

## FACTS

1.    My prison file (jacket) will show that I was charged three (3) times for the same alleged violation of "Possession of Contraband", by the same officer.

2.    On March 16, 2005,  I was served with a Citation, first, pursuant to AR #414, and told by the charging officer that, that was the end result of the charge of possession of contraband, But Warden Free disapproved the Citation;

3.    On March 17, 2005, a Disciplinary was served on me for the same violation of Possession of Contraband, pursuant to AR #403, which was voided due to an alleged discrepancy in Section 3 of the Disciplinary Report, and on the same day I was served with another disciplinary  report, pursuant to AR # 403, for the same alleged violation of possession of contraband.

4.    A Disciplinary Hearing was held on March 18, 2005,  for the last disciplinary report charging violation of Rule #64 from AR #403. Specifically: "Possession of Contraband", and at this time I was found guilty of possession of contraband.

## ANALYSIS OF AR #403 & 414

5.    Action taken by Warden Free disapproving the Citation was in accordance with AR #414.

*Exhibit "G"*

Wherein, Section III. D. of AR #414 allow the warden or his designee to disapprove and return to citing employee to initiate formal disciplinary action in accordance with ADOC AR #403.

6.    Action taken by the charging officer after Disciplinary Report was voided due to a discrepancy in Section 3 of the Disciplinary Report, as indicated, is a violation of Section VI. C. of AR # 403, which does not authorize the re-initiation of a Disciplinary Report, but allows: "In any case where a disciplinary or rule violation has been voided or otherwise overturned as a result of a technicality or due process violation, but where the behavior indicates the need for a more restrictive placement ir custody, classification and/or the Central review Board may classify the offender as deemed appropriate based upon the specific act or behavior itself".

7.    It is clear that this action is arbitrary and capricious and completely outside of the scope of AR #403. Neither Classification nor the Central Review Board has determined that more restrictive placement or custody is appropriate for the behavior indicated in this matter, but I was transferred anyway from the State Cattle Ranch to the Draper Correctional Center.

WHEREFORE THE PREMISES CONSIDERED, Mr. Anthony Carey prays that this matter is formally dismissed, granting the instant appeal to you in this matter.

Respectfully submitted this 28 day of March, 2005.

Mr. Anthony Carey

Mr. Anthony Carey



MIDDLE DISTRICT OF ALABAMA
UNITED STATES COURT OF APPEALS

ANTHONY CAREY                    )
Petitioner/Appellant             )            2006 MAY 18  A 11: 56
VS.                              )    CASE NO:_____
STATE OF ALABAMA                 )    SUPREME COURT CASE NO: 1051055. CLK
Respondent/Appellee.             )    CRIMINAL APPEALS NO: CR-05-0343
                                 )    ELMORE CIRCUIT COURT NO: CV-05-467
                                 )

NOT   AFI    **PART OF Petitioner**

## AFFidavit

COME NOW, The Petitioner/Appellant in the above-styled cause, and
enters his reason for this appeal. On March 17, The Court Of Criminal
Appearls, overruled the petitioner motion for rehearing.

On the 27 of March 2006, The petitioner filed a motion for extension of time
in order to have the time to prepare for his wirt of certiorari. Because
the petitioner is allowed two (2) HOUR a day in the law library, one hour
on the typewriter. SEE PETITIONER EXHIBIT " A" COPY OF THE FIRST MOTION
FOR EXTENSION OF TIME:

Then on April 6, 2006, The Petitioner received a Certicate Of Judgment
and Affirmed BY MEMORANDUM...Therefore the petitioner requested The Court
to grant the petitioner time to prepare the petitioner Wirt Of Certiorari
for the same reason. The petitioner is allow two (2) hour a day to us the
law library. SEE PETITIONER EXHIBIT "B" THE PETITIONER SECOND MOTION FOR
EXTENSION OF TIME:

On April 14, 2006, The Petitioner filed a third motion for extension of time
the petitioner filed an appeal subpona for the Behavoir Citation of one
inmate Kennedy Smith the petitioner co-worker and the affidavit of Mrs Ann
Langford the person that accused the petitioner. That is the evidence that
the petitioner needed to prove his case:SEE THE PETITIONER EHIBIT "C"

The Supreme Court Clerk , Mr. Robert G.Esdale, never granted the petitioner
requesed motion for extension of time. Therefore the petitioner was force to
fiiled his writ of certiorari On may 2, 2006 the petitioner received an
order that the court received his writ of certiorari. On May 4, 2006
SEE PETITIONER EXHIBIT "D" AND EXHIBIT "E" On May 4, 2006 the petitioner
wirt of certiorari was dismissed for filed untimely:

How can this be, when the petetitioner filed a motion for extension of time
three (3) TIMES: EXTENSION OF TIME FOR FILING BRIEFS IN APPEALS (Rule 31 (d)
Ala. R.App.): The petitioner show good cause for an extension of time the
petitioner did not have a way to call the court, that is why the petitioner
requsted the court for extension of time. The petetioner has a job I have
to work for 6:00 A:M - 4:00 P:M Monday- Firday,, for those reason the court
had the authority todo so: SEE THE PETITIONER EXHIBIT "F" A HEAVY WORKLOAD
Rule 31 (D)  ALSO SEE PETITIONER EXHIBIT "G"  COPY OF THE LIBRARY RULES

On May 8,2006, The petitioner filed an applicate fo rehearing,the petitioner
On May 11, 2006 the petitioner was denied....SEE PETITIONER EXHIBIT "H" THE
PETITIONER APPLICATE FO REHEARING...ALSO SEE PETITIONER EXHIBIT "I:


### CERTIFICATE OF SERVICE

   I hereby certify that Ihave served a copy of the forgoing Motion in the
below address Middle District Of Alabama United States Court Of Appeal
Courthouse 15 Lee Street Montgomery Alabama 36104, Supreme Court Of
Alabama 300 Dexter Avenue Montgomery, Alabama  and Alabama Department Of
Corrections Legal Division 301 South Ripley Street Montgomery, Alabama.
By placing a copy in the same in the United States Mail Postage Prepaid
Properly address on this  16 day of May,2006


The Petitioner prayed that this Honorable Court will review the petitioner
case and granted his mecry, that the petitioner have show the Court good
cause why his motion should be granted.....


Petitioner/Appellant, Pro-se
Anthony Carey

SUPREM COURT OF ALABAMA

Mr.Arthony Carey
AIS# 152763
Draper Correction Center
P.O. BOX 1107
Elmore, Alabama 36025


March 27, 2006


Mr. Robert G. Esdale
Office of the Clerk
300 Dexter Avenue
Montgomery, Alabama 36104-3741


Re: Motion for Extenston of Time:


Dear Mr. Esdale:

   On March 17, 2006 The Court Of Criminal Appeals, overruled me motion for...
rehearing. That is the reason why I filed a motion for extension of time,.....
in order to have the time to prepare for a wirt certiorari. Because I only two
hour a day in the law labrary. I in close a copy of The Court Of Criminal...
Appeals Overruled...


EXHIBIT "A"                              Pro se: Anthony Carey
                                         Draper Correctioin Center
                                         P.O. BOX 1107
                                         Elmore, Alabama 36025

SUPREME COURT OF ALABAMA

ANTHONY CAREY,                        )
    APPELLANT,                        )
                                      )
VS.                                   )
                                      )    ELMORE COUNY CV-05-467
STATE OF ALABAMA                      )    CR-05-0343
    APPELLE.                          )
                                      )
                                      )

MOTION FOR EXTENSION OF TIME

Come now, On April 6, 2006,The Appeallant recieved a Certicate Of Judgment and
Affirmed By Memorandum....

                    Therefore the appellant request The Court to grant
the appellant time to prepare the appellant Writ Of Certiorari. Because of the
fact that the appellant have only Allowed two (2) a day in the law library.

CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the forgoing Motion upon.....
Defendants: Alabama Department Of Correction Legal Division 301 South Ripley
Street. Montgomery Alabama. Was The Supreme Court Of Alabama 300 Dexter Avenue
Montgomery, Alabama.by placing  a copy in of the same in The United State Mail
postage prepaid properly address on  this 14 day of April, 2006.

EXHIBIT "B"

                                    _Anthony Carey_
                                    Appeallant, Pro-se
                                    P.O.BOX 1107
                                    Elmore, Alabama 36025

SUPREME COURT OF ALABAMA

Mr. Anthony Carey
AIS# 152763 Cell 4 Bed 33
Draper Correction Center
P.O. BOX 1107
Elmore, Alabama 36025

April 18, 2006

Mr. Robert G. Esdale
Office Of The Clerk
300 Dexter Avenue
Montgomery, Alabama 36104- 3741

Re: Motion For Extension Of Time, On April 14, 2006

Dear Mr. Esdale:

COME NOW, On April 14, 2006, The petition filed a motion for extension of time. On AMarch 31, 2006, The Petition filed an subpond duces tecum for the behavior citation of inmate Kennedy Smith.

The petition Co-work at Auburn Rual Studio, Inmate Kennedy Smith received an behavior citation for the possesion of contrband (cash money) $82.00 also the petition subpona the Court for the affidavit of Mrs. Ann Langrord,Mrs.Langford was the person that called Office Bice. Mrs. Langford is the person accuse me.

The petition requsting the Court to grant the time to received this evidence, before the petition file the petition writ of certitorari

CERTIFICATE OF SERVICE

I hereby cerify that I served a copy of the forgoing Motion upon,Defendant: Alabama Department Of Correction Legal Divison 301 South Ripley Street ....... Montgomery, Alabama. And The Supreme Court Of Alabama 300 Dexter Avenue ...... Montgomery, Alabama. By placing a copy of the same in the United State Mail... Postage prepaid properly address On this 18 day of April, 2006.

EXHIBIT "C"

*Anthony Carey*

Petition, Pro-se
P.O. BOX 1107
Elmore, Alabama 36025

# SUPREME COURT OF ALABAMA



Rob⊂ G. Esdale
Cl⊂
Lyn⊓ hight
As⊂ stant Clerk

Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 10⊂ 055

Ex  porte Anthony Carey.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRI⊓NAL APPEALS  (In re: Anthony Carey v. State of Alabama)   (Elmore Circuit Court: CVO467; Criminal Appeals : CR-05-0343).

### NOTICE

You re hereby notified that your case has been docketed.  Future correspondence should refe r'o above Supreme Court case number.  The petition for writ of certiorari was filed with the  Supreme Court on 04/25/2006

## AM IDMENTS TO THE RULES OF APPELLATE PROCEDURE

RECENT APPELLATE RULE AMENDMENTS:  Counsel and parties should review recent ameldments to the Alabama Rules of Appellate Procedure, effective June 1, 2005 and Octoler 31, 2005.  The June amendments can be found in The Southern Reporter, Second series, volume numbered 888-890.  The October amendments can be found in the Advance Shee's to Volume 914 of the Southern Reporter.  The amendments can also be found under "RuleChanges" at the Judicial System website at http://www.judicial.state.al.us.

APPELLATE MEDIATION:  On July 17, 2003, the Supreme Court of Alabama adopted Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of civil appeals.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama Appellate Mediation Rules.  The rules and any amendments can be accessed at http://www.judicial.state.al.us/mediation.  Any counseled civil case may be referred to appellate mediation by the Appellate Mediation Administrator.

SIGNATURE ON BRIEFS: Newly adopted Rule 25A, Alabama Rules of Appellate Procedure, requires that appellate documents be signed by at least one attorney of record or, in a case in which the party is proceeding pro se, by the party.  The rule provides that any unsigned document shall be stricken unless the omission is promptly corrected after it is called to the attention of the attorney or party filing it.

PETITIONS FOR WRIT OF CERTIORARI:  Rule 39 has been amended, effective June 1

EXHIBIT "D"



# IN THE SUPREME COURT OF ALABAMA

May 4, 2006

**1051055**

Ex parte Anthony Carey. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Anthony Carey v. State of Alabama) (Elmore Circuit Court: CV05-467; Criminal Appeals : CR-05-0343).

## ORDER

IT IS ORDERED that the petition for writ of certiorari filed in this cause on April 25, 2006, is dismissed pursuant to Rule 2(c), Alabama Rules of Appellate Procedure, as untimely filed.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this _4th_ day of _____ *May* _____ 2006

_Robert G Esdale Sr_

Clerk, Supreme Court of Alabama

cc:
Hon. Sibley G. Reynolds, Circuit Judge
Anthony Carey, Pro Se
Hon. Troy R. King, Attorney General
Kim T. Thomas, Asst. Gen. Counsel
Gregory M. Biggs, Attorney

EXHIBIT "E"

/ag

## INFORMATIONAL NOTICE TO THE PARTIES

must be filed with the clerk of the trial court, and the appellant must mail a copy of the motion to the Clerk of the Court of Criminal Appeals and to all other parties.  The appellant must state on each copy of the motion the date the motion was filed with the clerk of the trial court.

## EXTENSIONS OF TIME FOR FILING BRIEFS IN APPEALS (Rule 31(d), Ala.R.App.P.) :

One initial 7-day extension of time for filing the brief may be obtained by the appellant or the appellee over the telephone by calling the clerk's office or by filing a written motion within the time originally prescribed for filing the brief; however, all subsequent requests for extensions by an appellant or an appellee must be made by written motion filed within the period of the extension.  Furthermore, any initial request for an extension or enlargement in excess of 7 days must be made by written motion filed within the time originally prescribed. Such motions must be supported by good cause shown.   A heavy workload will not be considered as good cause.  Note: All requests for an extension of time to file a "reply brief," regardless of the length of time requested, must be made by written motion filed within the time originally prescribed.

Lane W. Mann, Clerk
Court of Criminal Appeals

di

EXHIBIT "F"

## Hobby Craft Shops
### (Ceramic, Leather, and Wood)

Draper's Hobby Craft Shops are located in the Multi-Purpose Building and are for the use of inmates assigned to the shops. <u>No Loitering</u>. Violators will receive disciplinary action.

Criteria for Eligibility:

1. Must have been assigned to Draper for a minimum of one (1) year.
2. Must have at least a six (6) month clear record.
3. Must have good work/counselor reports.
4. Must meet and maintain grooming standards.
5. Must maintain good hygiene practices.
6. Must maintain a clean and orderly living area.

### Hours of Operation:

| | |
|---|---|
| Weekdays | 2:00 PM – 8:00 PM |
| Weekends | 8:00 AM – 8:00 PM |
| Holidays | 8:00 AM – 8:00 PM |

*** Security needs may justify delay in opening and early shop closure.

### Library

The Draper Library is established for the reading pleasure of Draper inmates and to assist in research of legal documents. All library rules and regulations will be strictly enforced.

1. To utilize the Law Library, you must sign up a day ahead of time. The sign up sheet is put out at 5:00 PM each day, Monday – Friday.
2. A typewriter is available in the library. There is a one (1) hour time limit. You must sign up a day ahead of time to use the typewriter. The typewriter will be used for legal purposes only.
3. Upon entering the Law Library, you must sign in at the clerk's desk.
4. <u>The General Library is open from 4:00 PM – 6:00 PM, daily.</u> General Library books can be checked out for three (3) days only. Inmates must sign up a day ahead of time and must have their I.D. card to check out a library book. Inmates who lose or destroy library books will be placed on the "No Book" list and disciplinary sanctions will be taken against the inmate. All library books will be turned in before an inmate transfers.
5. No loud talking or excessive noise.
6. Grooming codes will be strictly adhered to.
7. Radios, smoking, food, and drinks are prohibited.

EXHIBIT   "G"

8

IN THE SUPREME COURT OF ALABAMA

1051055

| | | |
|---|---|---|
| Ex parte Anthony Carey | ) | |
| Petition | ) | |
| | ) | |
| V.S. | ) | Elmore Circuit Court CV-05-467 |
| | ) | Criminal Appeals  CR-05-0343 |
| STATE OF ALABAMA | ) | |
| Resondent, | ) | |

### APPLICATION FOR REHEARING

COME NOW, The petition filed an wirt certiorari pro-se On April 25, 2006, On May 6, 2006, The petition received an ordered from the court dismissed the petition wirt of certiorari.

Do to Rule 2 (c), Alabama Rule of procedure, as untimely filed. In good faith the petition filed an motion for extension of time, On March 27, 2006 because of the fact the petition is only allowed tow (2) A day in the law library. That is not enough time to prepare for a wirt of certiorari.

then On Apirl 14, 2006, The petition filed another motion for extension of time, for the good cause of the petition awaiting on the evidence that the petition needed to pove his case. The subpoena of Inmate Kennedy Smith, the petition co-worker. And the affidavit of Mrs. Ann Langford the petition accuser:

The situation of prisoners seeking to appeal without the aid of counsel. Such prisoners cannot take the step other litiganted can take to monitor the processing of them meting the deadline. prisoners have jobs they have to work, the petition work hour are 6:00 P:M -4:00 P:M Monday- Firday. We are allowed one (1) hour on the typewirte, " Procedural Due Process" as guaranteed By the Fourteen Amendment to the United States Constitution and Article 1 § 6 OF ALABAMA CONSTITUTION 1901.

FOUNTAIN VS. STATE 842 SO. 2D. 726 2001 ALA. SPECIFICALLY CLAIMES THAT HIS RIGHT TO DUE PROCESS WAS VIOLATED, BECAUSE HE WAS DEPRIVED OF "THE OPPORTUNITY" TO PRESENT EVIDENCE AND ARGUMENT... TO THE CLAIMS OF OPPOSING PARTY WITH A REASONABLE OPPORTUNITY TO CONTRVERT.

ARTICLE VI

CHESSMAN V. TEETS (1955) 350 U.S. 3 100 L. Ed. 4 76 S.Ct 34. Relief so clearly call for, on many occasions thai Court Court had found it nessary to say that the requirement of Due Process Clause of the fourteen amendment must be respected a valid appearl to the constitution, even by aguilty man, come to late, because courts, including this court were not earliers able to enforce what the constitution demand:

EXHIBIT "H"

Tilte 12-2-7 (4) E
                To make and promulgate rule govering and the adminisration
of all courts and rules govering practice and procedure in all courts,
provided, that such rule <u>shall not</u> abridge, enlarge, or modify the
substantive right of any party nor affect the jurisdiction of circuit and
district court or venue of actions therein, and provided further that the
right of common law and declared by section 11 of the constitution of
Alabama 1901 shall be preserved to the parties inviolate Ex party <u>Ebbers</u>
<u>v. State</u> 871 So. 2d.776 (Ala. 2003) State Court Procedural Constitutions
<u>must</u> at all time yield to relevant Federal Constitution Principles.:

Article VI (2) This Constitution, and the Laws of the United States which
shall be made in pursuance thereof; and  all Treaties made, or which shall
be made, under  the Authority of the United States, shall be the supreme Law
of the Land; and the Judge in every State shall be bound thereby, any Thing
in the Constitution  or Laws of any State to the Contrary notwithstanding.

(3) The Senators and Representatives before mentioned,and the Members of the
several State Legislatures, and all <u>executive and judicial Officers;</u> both of
the United States and of several States, shall be bound by Oath or
Affirmation, tosupport this Constitution; but no religious Test shall ever be
required as a Qualificatin to any Office of public Trust under the United
States.
The petition pray that this court will given  into concernration, that the
petition had good cause for extension of time. Because of the limit amount
of time that the petition has to  use the law library.

copy of the hour of the law library:



# IN THE SUPREME COURT OF ALABAMA

May 11, 2006

**1051055**

Ex parte Anthony Carey.  PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS  (In re: Anthony Carey v. State of Alabama)  (Elmore Circuit Court: CV05-467; Criminal Appeals : CR-05-0343).

## ORDER

IT IS ORDERED that the application for rehearing is denied.

cc:
Anthony Carey, Pro Se
Hon. Troy R. King, Attorney General
Kim T. Thomas, Asst. Gen. Counsel
Gregory M. Biggs, Attorney

EXHIBIT "I"