IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY L. CAREY, #152763    ) | |
| ) | |
| Petitioner,    ) | |
| ) | |
| v    ) | Civil Action No. 2:06cv510-WHA |
| ) | |
| JAMES DELOACH, WARDEN, *et al.*,    ) | (WO) |
| ) | |
| Respondents.    ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for writ of habeas corpus filed by Alabama inmate Anthony L. Carey ("Carey") on June 6, 2006. Carey maintains he was denied due process during a disciplinary proceeding initiated against him at the Farquhar Cattle Ranch, a state prison facility, in March 2005. Although Carey filed this action on the form used for filing habeas applications under 28 U.S.C. § 2254, it is clear from his claims that this case should be considered under the provisions of 28 U.S.C. § 2241.[1]

After reviewing Carey's petition, the supporting and opposing submissions,[2] and the record in this case, the court concludes that the petition is due to be denied because Carey's claim does not rise to the level of a constitutional violation as a matter of law.

---

[1]  *See* Order of March 8, 2007 (Doc. No. 12).

[2]  Respondents filed an answer to Carey's petition on June 29, 2006 (Doc. No. 7), and Carey replied on July 19, 2006 (Doc. No. 10).

## I.  BACKGROUND

In March 2005, a disciplinary action was initiated against Carey for violating Rule # 64, possession of contraband. Specifically, the disciplinary report charged that on March 16, 2005, a corrections officer conducted a search of Carey and found in his possession an AT&T telephone card, an item which is disallowed to Carey under prison regulations. *See Disciplinary Report* at 1-2. Upon completion of the disciplinary hearing, at which the arresting officer and Carey testified, Carey was found guilty of the disciplinary infraction. *Id*.at 2. The sanctions imposed upon Carey for the infraction were loss of telephone and visiting privileges for 45 days, removal from the Cattle Ranch, and referral for custody review.[3] *Id*.

## II.  DISCUSSION

Carey complains he was denied due process in the disciplinary proceeding. In support of this claim, he appears to suggest that the evidence failed to support a finding he was guilty of a disciplinary infraction. Carey presents no basis for federal habeas relief, however, because the sanctions imposed upon him do not implicate any constitutionally protected interest.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law." Thus, the Constitution is implicated only if a person is

---

[3] None of these sanctions affected the duration of Carey's imprisonment.

deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court abandoned the *Thompson,*[4] *Olim,*[5] and *Hewitt*[6] methodology for determining the existence of a liberty interest. Under the methodology of those cases, a court ascertained whether a state created a liberty interest protected by the Due Process Clause by parsing language of statutes and regulations to determine if the language was "of an unmistakably mandatory character" placing "substantive limitations on official discretion." In its renunciation of prior case law, the Court held that federal courts must look to the nature of the deprivation rather than statutory or regulatory language to determine if a state created a liberty interest.

> Following *Wolff*,[7] we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.... But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, ... nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Sandin*, 515 U.S. at 483-84 (footnote added)(citations omitted). Moreover, the Court specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due

---

[4] *Kentucky Department of Corrections v. Thompson*, 490 U.S. 454 (1989).

[5] *Olim v. Wakinekona*, 461 U.S. 238 (1983).

[6] *Hewitt v. Helms*, 459 U.S. 460 (1983).

[7] *Wolff v. McDonnell*, 418 U.S. 539 (1974).

Process Clause. *Id*. at 484.

"Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Sandin,* 515 U.S. at 485. Placement in a more restrictive dorm, the loss of privileges and referral for classification review "though concededly punitive, do[ ] not represent a dramatic departure from the basic conditions" of the sentence imposed upon the petitioner. *Id*. Moreover, a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Constitution itself does not confer any right upon an inmate to any particular custody or security classification); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose.").

In light of the foregoing, it is clear that the sanctions levied against Carey failed to "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*. 515 U.S. at 484. Carey's asserted basis for relief is indisputably meritless under the law as established in *Sandin*. Because his claim does not rise to the level of a constitutional violation as a matter of law, his habeas petition is due to be denied.[8]

---

[8] Carey also appears to suggest that he was punished on more than one occasion for the same infraction (contraband possession), in violation of the protections against double jeopardy. However, the record reflects that Carey first received a behavior citation, which was subsequently
(continued...)

### III.    CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus filed by Carey be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before April 10, 2008.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 28th day of March, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE

---

$^{8}$(...continued)
disapproved by the prison warden.  A disciplinary report for violating Rule # 64 was served on Carey, and that ultimately was the only charge for which he was punished.